UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

In re:                                              Chapter 13

James D. Bennett, and                               Case No. 18-41463
Phyllis J. Bennett,
                                                    Hon. Phillip J. Shefferly
         Debtors.
_____/

## OPINION GRANTING MOTION FOR
## RECONSIDERATION OF ORDER DISALLOWING CLAIM

### Introduction

In this Chapter 13 case, an unsecured creditor filed a proof of claim. The debtors filed an objection. Rather than respond to the objection, the creditor filed an amended proof of claim. Because the creditor did not timely respond to the objection, the debtors obtained an order disallowing the claim. The creditor filed a motion for reconsideration. For the reasons set forth in this opinion, the Court will grant the motion.

### Jurisdiction

This is a core proceeding under 28 U.S.C. § 157(b)(2)(B), over which the Court has jurisdiction pursuant to 28 U.S.C. § 1334(a) and 28 U.S.C. § 157(a).

## Facts

The following facts are not in dispute.

On February 5, 2018, James and Phyllis Bennett ("Debtors") filed this Chapter 13 case. On February 14, 2018, the Debtors filed their schedules of assets and liabilities. On their schedule E/F, the Debtors listed Bank of America ("Bank") as a creditor holding a non-priority unsecured claim in the amount of $18,200.00. The schedule describes the claim as a "revolving credit account(s)" that is owed by both of the Debtors with an account number having the last four digits of 2401. The claim is not listed as contingent, unliquidated or disputed.

On April 16, 2018, the last day to file a proof of claim, the Bank filed proof of claim number 3-1 in the amount of $18,104.72 ("Original Proof of Claim"). The Original Proof of Claim states that it is for a "consumer credit card" with an account number having the last four digits of 2401. Attached to the Original Proof of Claim is a "statement of accounts" that breaks down the total amount of the Original Proof of Claim by principal, interest, fees, expenses, and other charges, and indicates the date of the last payment and the date of the last transaction.

On June 5, 2018, the Debtors filed an objection ("Objection") to the Original Proof of Claim. The Objection states that the Bank "fails to attach any documentation evidencing or supporting its Claim, including but not limited to evidence to show

whether Debtor, Joint Debtor, or both are obligated on the debt." The Objection was accompanied by a notice that stated that a hearing on the Objection was scheduled for July 10, 2018 at 10:00 a.m., and that the Bank had until July 3, 2018 in which to file a written response to the Objection. The notice further stated that if the Bank did not file a written response or attend the hearing, "the Court may deem that you do not oppose the objection to your claim, in which event the hearing will be canceled, and the objection sustained."

The Bank did not file a written response to the Objection. But it did not ignore the Objection. On June 18, 2018, before the time to respond to the Objection had expired, the Bank filed an amended proof of claim ("Amended Proof of Claim"). The Amended Proof of Claim did not change the amount, the description, or the account number of the Original Proof of Claim. The only change made was the attachment of additional documentation in support of the amount claimed, including an account summary, payment information, report of transactions, and a summary of rewards.

On July 5, 2018, the Debtors filed a certificate of no response stating that the Debtors had filed and served the Objection pursuant to L.B.R. 3007-1(a) (E.D.M.), and that they had received no timely response to the Objection. The certificate of no response did not mention that the Bank had filed the Amended Proof of Claim. The certificate requested the Court to enter an "order resolving objection to proof of claim

of Bank of America." The Debtors uploaded a proposed order and the Court, in reliance on the certificate of no response, entered an Order Resolving Objection to Proof of Claim of Bank of America ("Order") (ECF No. 49) on July 5, 2018, which disallowed the Original Proof of Claim in its entirety.

On July 10, 2018, the Bank, now represented by an attorney, filed a motion for reconsideration ("Motion") (ECF No. 54). The Motion explains that the Bank did not file a written response to the Objection, but instead "amended its claim under the belief that it would resolve Debtors' objections to its Proof of Claim because it provided additional information, which should have been sufficient to substantiate the claim and dispose of this matter." The Motion requests that the Court reconsider the Order under § 502(j) of the Bankruptcy Code, Fed. R. Bankr. P. 3008, Fed. R. Bankr. P. 9023 and Fed. R. Bankr. P. 9024. On August 7, 2018, the Debtors filed a response to the Motion.

On August 21, 2018, the Court held a hearing on the Motion. At the hearing, the Debtors pointed out that they had no evidence that anyone at the Bank acted under the belief that filing the Amended Proof of Claim, rather than filing a written response, would be sufficient to respond to the Objection. In response, the Bank offered to obtain an affidavit from someone at the Bank to support this assertion. To address the question of why the Bank did not file a written response to the Objection,

and instead filed the Amended Proof of Claim, the Court decided to require the Bank to produce an affidavit to support its explanation in the Motion, and permitted the Debtors to conduct discovery of any individual at the Bank who signs such affidavit. The Court then adjourned the hearing on the Motion to September 18, 2018.

On September 4, 2018, the Bank filed an affidavit ("Affidavit") (ECF No. 63) signed by James Sopko ("Sopko"), stating that he is employed by the Bank as an Assistant Vice President, Bankruptcy Specialist II. In paragraph 5 of the Affidavit, Sopko explains:

> After reviewing the Objection, Bank of America prepared an amended Proof of Claim under the belief that it would resolve Debtors' Objection to its Proof of Claim because the amendments (i) provided the additional information that the Debtors sought in their Objection, and (ii) all information that Bank of America, N.A. believed necessary to substantiate its claim in this case and dispose of the Objection.

In paragraph 6 of the Affidavit, Sopko points out that the Amended Proof of Claim "was filed with the Court on June 18, 2018, well before the July 3, 2018 deadline to respond to the Objection."

On September 14, 2018, the Debtors filed a supplemental brief in opposition to the Motion.

On September 18, 2018, the Court held the adjourned hearing on the Motion. At the conclusion of the hearing, the Court took the Motion under advisement and indicated that it would issue a written decision.

## Discussion

The Motion begins by stating that the Court has the power to reconsider the Order under § 502(j) of the Bankruptcy Code. In relevant part, § 502(j) states that "[a] claim that has been allowed or disallowed may be reconsidered for cause. A reconsidered claim may be allowed or disallowed according to the equities of the case." The Motion notes that the procedure for a party to seek reconsideration under § 502(j) is prescribed by Fed. R. Bankr. P. 3008. That rule states that "[a] party in interest may move for reconsideration of an order allowing or disallowing a claim against the estate. The court after a hearing on notice shall enter an appropriate order."

Neither § 502(j) nor Bankruptcy Rule 3008 specify what constitutes "cause." Nor is there a controlling Supreme Court or Sixth Circuit Court of Appeals case that does so. The Sixth Circuit has suggested that relief under Bankruptcy Rule 3008 should be liberally granted, but is not without limits. See U.S. Bank, Nat'l Ass'n v. U.S. Env't Prot. Agency, 563 F.3d 199, 208 (6th Cir. 2009) (agreeing with the bankruptcy court's decision not to reconsider a claim and observing that "a motion to consider newly discovered evidence, even when liberally viewed under Bankruptcy Rule 3008, is not a stopgap for lack of due diligence or for self-made circumstances"). "Bankruptcy courts have wide discretion to determine what constitutes cause for

reconsideration of claims under § 502(j)." Ruskin v. DaimlerChrysler Servs. N. Am., L.L.C. (In re Adkins), 425 F.3d 296, 308 (6th Cir. 2005) (dissent) (citation omitted).

There are reported decisions from outside and within the Sixth Circuit that apply § 502(j) and Bankruptcy Rule 3008. See Neal Mitchell Assocs. v. Braunstein (In re Lambeth Corp.), 227 B.R. 1, 7 n.11 (B.A.P. 1st Cir. 1998) (collecting cases on the different standards applied). When reconsidering a final order allowing or disallowing a claim, most of the reported decisions adopt the standards that apply to a motion for new trial or amendment of judgment under Fed. R. Bank. P. 9023, which incorporates Fed. R. Civ. P. 59, or Fed. R. Bankr. P. 9024, which incorporates Fed. R. Civ. P. 60. See, e.g., Snyder v. I.R.S. (In re Snyder), 68 F.3d 468 (5th Cir. 1995) ("To demonstrate cause under 502(j), the movant must allege one of the [ ] bases for reconsideration under Fed. R. Civ. P. 60(b)."); In re Packer, 558 B.R. 842, 845 (Bankr. W.D. Mich. 2016) (noting that courts often "analyze the motion under the standards that apply to motions to alter or amend judgment under Rule 59(a) or motions for relief from judgment under Rule 60(b)") (citations omitted). Not surprisingly in light of § 502(j)'s reference to "the equities of the case," those decisions tend to be very fact specific in determining what constitutes cause. See In re Lambeth Corp., 227 B.R. at 7-10; Spencer Cent. Developers, LLC v. Sterling

Rubber Prods. Co. (In re Sterling Rubber Prods. Co.), 337 B.R. 729 (B.A.P. 6th Cir. 2006).

Neither § 502(j) nor Bankruptcy Rule 3008 state that they substitute a cause standard for the standards under Rules 59 and 60. Further,

> [t]he general applicability of Rule 60 is supported by the provision of Rule 9024 that Rule 60 "applies in cases under the Code except that (1) a motion . . . for reconsideration of an order allowing or disallowing a claim against the estate entered without a contest is not subject to the one year limitation prescribed in Rule 60(c) . . . ." By implication then, Rule 60 applies to § 502(j) motions for reconsideration with one exception relating to the time limit of Rule 60(c) as stated in Rule 9024.

In re Clevinger, case no. 14-32840, 2018 WL 4223251, at *2 (Bankr. N.D. Ohio Sept. 5, 2018). See also, In re Meggitt, case no. 17-30029, 2018 WL 401224, at *2 (Bankr. N.D. Ohio Jan. 12, 2018) (collecting cases applying Rule 60).

Whatever may constitute cause under § 502(j) and Bankruptcy Rule 3008 where there is no final order, the Court holds that where there is a final order that allows or disallows a claim, a showing of cause for purposes of reconsideration under § 502(j) and Bankruptcy Rule 3008 minimally requires a demonstration of grounds for relief from the order under Rule 59 or Rule 60.

The Motion cites both Bankruptcy Rule 9023, incorporating Rule 59, and Bankruptcy Rule 9024, incorporating Rule 60, but does not argue that any of the grounds for a new trial or amendment of judgment under Rule 59 apply in this case.

-8-

18-41463-pjs    Doc 69    Filed 09/27/18    Entered 09/27/18 13:25:52    Page 8 of 15

Instead, the Motion argues that the Bank is entitled to relief under Rule 60(b)(1) either because of mistake or excusable neglect. According to the Bank, the Affidavit shows that the Bank believed that filing the Amended Proof of Claim was sufficient to respond to the Objection because the Amended Proof of Claim was accompanied by the very documents that the Objection requested.

The Debtors respond that the Bank's belief that it had cured the Objection is not sufficient to warrant relief under Rule 60(b)(1) based either on mistake or excusable neglect. In support, the Debtors cite FHC Equities, L.L.C. v. MBL Life Assurance Corp., 188 F.3d 678 (6th Cir. 1999). In that case, the district court granted the defendant a summary judgment. The plaintiff filed a motion to alter or amend the summary judgment. The district court denied the motion and the plaintiff filed a notice of appeal. The Sixth Circuit dismissed the appeal as untimely. That led the plaintiff to go back to the district court to file a Rule 60(b)(1) motion arguing that the plaintiff's attorney had made a mistake in interpreting the Federal Rules of Civil Procedure regarding whether his motion to alter or amend the summary judgment tolled the time to appeal. The district court denied the Rule 60(b)(1) motion and the plaintiff again appealed. Id. at 680. The issue before the Sixth Circuit in this second appeal was whether the district court erred in denying the motion under Rule 60(b)(1) based on the plaintiff's attorney's mistake. The Sixth Circuit noted that the plaintiff

did "not point us to a single case, however, which holds that attorney misinterpretation of the law can constitute 'mistake' under Rule 60(b)(1)." Id. at 684. The Sixth Circuit held that "[t]he district court did not abuse its discretion in refusing to rule that the attorney's misinterpretation of the rules was a 'mistake' within Rule 60(b)." Id. at 687.

The Bank attempts to distinguish FHC Equities because it involved a mistake by an attorney who misinterpreted the law, in contrast to this case, where the mistake was not made by an attorney, but rather by Bank personnel. However, the holding in FHC Equities is not limited to instances where the mistake of law is by an attorney. "'Neither ignorance nor carelessness on the part of the litigant or his attorney provide grounds for relief under Rule 60(b)(1).'" Id. at 685 (quoting Kagan v. Caterpillar Tractor Co., 795 F.2d 601, 607 (7th Cir. 1986)).

FHC Equities is not the only case in which the Sixth Circuit has narrowly construed what constitutes a mistake for purposes of Rule 60(b)(1). See Tareco Properties, Inc. v. Morriss, 321 F.3d 545, 549 (6th Cir. 2003) (holding that "Rule 60 does not relieve parties from strategic mistakes"); McCurry v. Adventist Health System/Sunbelt, Inc., 298 F.3d 586, 593-94 (6th Cir. 2002) (holding that a wrongful death suit brought in the name of the mother of the deceased instead of the surviving spouse was not inadvertence or mistake); Cacevic v. City of Hazel Park, 226 F.3d 483,

-10-

491 (6th Cir. 2000) ("Rule 60 was not intended to relieve counsel of the consequences of decisions deliberately made, although subsequent events reveal that such decisions were unwise.") (quotation marks and citations omitted).  The Bank does not cite any authority supporting its contention that a mistake in interpreting legal procedure – which is basically what the Bank did here – is the type of mistake that the Sixth Circuit recognizes as sufficient for Rule 60(b)(1) purposes.  The Court holds that it is not.

However, just because the Affidavit does not establish a mistake sufficient for purposes of Rule 60(b)(1) does not necessarily mean that the facts set forth in the Affidavit may not establish excusable neglect sufficient for purposes of Rule 60(b)(1).

The Supreme Court discussed what constitutes excusable neglect in Pioneer Investment Services Co. v. Brunswick Associates L.P., 507 U.S. 380, 395 (1993). "The inquiry into whether the neglect is excusable 'is at bottom an equitable one, taking account of all the relevant circumstances surrounding the party's omission.'" Norpak Corp. v. Eagle-Picher Industries, Inc. (In re Eagle-Picher Industries, Inc.), 131 F.3d 1185, 1188 (6th Cir. 1997) (quoting Pioneer Investment, 507 U.S. at 395). The circumstances to be considered include:

> (1) the danger of prejudice to the other party; (2) the length of delay and its potential impact on the proceedings; (3) the reason for the delay; (4) whether the delay was within the reasonable control of the late party; and (5) whether the late party acted in good faith.

Id. (citing Pioneer Investment, 507 U.S. at 395).

In this case, the notice that the Debtors served with the Objection expressly stated that the Bank had until July 3, 2018 to file a written response to the Objection, and that failure to do so may result in the Court sustaining the Objection. Failure to follow this procedure — which is the exact procedure set forth in L.B.R. 3007-1(a) — is neglect by the Bank, plain and simple. The pivotal question is whether this neglect is excusable.

Under Pioneer Investments, the first factor to consider in determining whether the neglect is excusable is whether the neglect has caused any prejudice. The Debtors do not argue either that they have suffered any prejudice by the Bank's failure to file a written response to the Objection, or that they will suffer any prejudice if the Court grants the Motion. Nor could they. After all, the Bank's claim is for a debt that the Debtors themselves listed on their schedule E/F as undisputed and owing in the amount of $18,200.00, slightly more than the amount in the Amended Proof of Claim, with the very same four digit account number on the Amended Proof of Claim. In other words, the Debtors have admitted all along that they owe this debt in the amount claimed by the Bank. And even if the Court grants the Motion, the Debtors are still free to file an objection to the Amended Proof of Claim if the Debtors believe there is some reason why it should be disallowed. There is no prejudice to the Debtors.

A second factor under <u>Pioneer Investments</u> is the length of delay and its potential impact on the judicial proceedings.  The Bank acted promptly in filing the Motion on July 10, 2018, just five days after the Court entered the Order.  At that time, the Debtors' Chapter 13 case was still at a pre-confirmation stage.  The original confirmation hearing date was May 1, 2018.  The Chapter 13 Trustee ("Trustee") filed objections to their plan.  The Debtors and the Trustee agreed to adjourn the confirmation hearing until July 10, 2018 to resolve those objections.  The Debtors and the Trustee subsequently agreed to a second adjournment of the confirmation hearing until September 18, 2018.  Those adjournments were not caused by any neglect by the Bank, but instead were the result of the Trustee's objections to plan confirmation.  It is true that the Court has now adjourned the confirmation hearing again, this time until October 2, 2018, so that the Court can rule on the Motion.  But that adjournment — which is the sole adjournment caused by the Bank's failure to file a written response to the Objection — is only for two weeks.  The Bank's neglect did not cause a material delay in the Debtors' case.

A third factor under <u>Pioneer Investments</u> is the reason for any delay by the neglecting party.  Sopko explains in the Affidavit that the reason why the Bank filed the Amended Proof of Claim was because it believed the additional documents were necessary to resolve the Objection and substantiate the Bank's claim.  The Debtors do

-13-

not dispute Sopko's explanation. Sopko and the Bank were wrong in their apparent belief that a written response to the Objection was unnecessary because they were giving the Debtors what they wanted and were not disputing in any way the Objection. The Bank's failure to file a written response is understandable and has a plausible explanation.

Another factor under Pioneer Investments is whether the neglecting party acted in good faith. The Debtors do not allege any bad faith by the Bank. And even though the Bank did not follow the proper procedure described in the notice and in the local rule, the Bank did not just disregard the Objection. On June 18, 2018, more than two weeks before a written response to the Objection was due, the Bank filed the Amended Proof of Claim. Moreover, the Bank's response to the Objection was not to contest the Objection, but to give the Debtors precisely what they said in the Objection was missing from the Original Proof of Claim: documentation supporting the Bank's claim. The Bank attached to the Amended Proof of Claim various documents including an account summary, payment information, report of transactions, and a summary of rewards. The Bank acted promptly and in good faith, despite its incorrect understanding of the proper procedure for responding to the Objection.

The Court finds that the Bank's neglect in filing a written response to the Objection was excusable. The Bank acted in good faith and without delay, and the Debtors suffered no prejudice.

## Conclusion

Procedure matters. It is not enough to amend a proof of claim to cure an objection to the proof of claim, where the applicable court rules require the filing of a written response to the objection. However, the Bank has shown that its neglect in not filing a written response to the Objection was excusable – at least in the particular circumstances of this case. Therefore, the Court will grant the Motion's request for relief from the Order under Rule 60(b)(1) and for reconsideration under § 502(j) and Bankruptcy Rule 3008. The Court will enter a separate order consistent with this opinion.

**Signed on September 27, 2018**



/s/ Phillip J. Shefferly
**Phillip J. Shefferly**
**United States Bankruptcy Judge**